HEIRS OF ALEJANDRO FRANCESCHI ET AL., Plaintiffs and Appellants, *v.* MARIO MERCADO E HIJOS, Defendant and Appellee.

No. 4738.   Argued June 25, 1929.—Decided July 22, 1930.

*R. Arjona Siaca, F. Antonsanti, Ricardo A. Gómez,* and *R. Cuevas Zequeira* for appellants.   *José A.* and *Alberto S. Poventud* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

This is an appeal from an order approving a memorandum of costs. The appellee in its brief prays for a dismissal of the appeal on the ground that the transcript of the record sent up does not include the order appealed from as entered by the clerk.

The transcript contains a full copy of the decision, which is signed by the judge and in which, after setting forth the grounds for his ruling, he concluded by dismissing the objections raised to the item for attorney's fees, approving the memorandum and ordering its enforcement.

In view of the terms of said decision it was unnecessary for the clerk to enter a separate order in the record. The cases cited by the appellee in support of the dismissal sought do not apply to the case at bar, because in those cases there were filed in this court the orders sustaining the demurrers to the complaint, but not the judgments which by reason of said orders had been rendered and appealed from. The motion to dismiss this appeal must be denied.

In the instant case the item of attorney's fees in the memorandum of costs was objected to as excessive, and an appeal was taken from an order overruling the objections and approving the memorandum of costs as filed.

The heirs of the two partners who composed the firm of Antonsanti & Franceschi brought suit against the partnership of Trujillo & Mercado to annul a foreclosure proceeding and to recover a rural estate called "Rufina", together with mesne profits. The district court rendered a judgment for the plaintiff which was reversed by this court. The ground on which we dismissed the action was that the heirs of Antonsanti & Franceschi had no capacity to sue inasmuch as their predecessors in interest had been adjudged bankrupt, and the fact that the bankruptcy proceeding had been dormant since 1888 did not rehabilitate their ancestors. An appeal was thereupon taken to the Circuit Court of Appeals

for the First Circuit, which reproduced in full the opinion of this court and affirmed our judgment in a *per curiam* decision, after holding that a dismissal of the appeal—sought on the grounds that subsequent to the judgment the District Court of Ponce had declared the bankruptcy proceeding extinguished and, based thereon, a new suit relying on the said cause of action had been instituted—did not lie, because the order extinguishing the bankruptcy proceeding might not have been rightfully entered and because new defenses might have been pleaded. *Franceschi et al.* v. *Trujillo & Mercado,* 26 P.R.R. 436; *Franceschi* v. *Mercado,* 269 Fed. 954.

This appeal does not refer to that suit or to the costs therein, but to another suit which was afterwards brought by the same plaintiffs against Mario Mercado & Sons, the present owners of the "Rufina" plantation, on the ground that the District Court of Ponce had *motu proprio* declared extinguished the bankruptcy proceeding against Antonsanti & Franceschi. An answer was filed in this new suit and six defenses were pleaded, the second of which was to the effect that the plaintiffs had no legal capacity to sue. The complaint was amended and thereupon a motion to strike out certain particulars thereof was filed, which motion was argued in court and overruled. The defendants then filed a demurrer to the amended complaint on several grounds, one of which was that the plaintiffs lacked legal capacity to sue. After the demurrer was argued by counsel for the parties, the court sustained it and dismissed the amended complaint with costs and attorney's fees to the defendants. Thereupon an appeal was taken from that judgment to this court, which affirmed it. *Franceschi et al.* v. *Mercado & Sons,* 37 P.R.R. 556.

For the purpose of taxing the costs in the second action, the defendants filed a memorandum of costs, signed by J. A. and A. S. Poventud, which included two items: one of $5 for clerk fees, and another of $35,000 for attorney's fees.

The plaintiffs objected to the amount claimed for attorney's fees as being excessive, but the District Court of Ponce approved the memorandum in its entirety as filed. Therefore, the only question to be considered and decided in this appeal is whether or not the sum of $35,000 allowed as attorney's fees is excessive.

It is really very difficult to determine the exact amount recoverable as attorney's fees in a suit, for which reason the circumstances of this particular case must be taken into account in taxing the proper amount. Therefore, the question which we must decide is whether or not the attorney's fees fixed by the trial court are reasonable in view of the services rendered in the present case.

The suit in which the costs herein are sought to be recovered was of great importance, because of the amount involved—not less than a million dollars as alleged in the amended complaint—because of the generally acknowledged prominence and high repute of the attorneys who have taken part in this litigation, and especially because the suit related to a bankruptcy proceeding had in 1885; to the legal consequences resulting from a discontinuance of such proceeding; to the powers of the receiver then appointed; to the alleged nullity of a foreclosure proceeding prosecuted under the Spanish Law of Civil Procedure then in force; to the effectiveness of an order made in 1918 by the District Court of Ponce directing the dismissal of said bankruptcy proceedings, and finally to certain allegations charging the defendant with fraud, as it was claimed that an understanding existed between the foreclosing creditors and the purchaser at the execution sale by virtue whereof, owing to the death of the owners of the property and other circumstances, the property was made to appear as having a low value, whereas in point of fact it was worth at least five times the price for which it was sold at public auction.

Although this suit was disposed of on a demurrer interposed to the amended complaint, yet an answer setting out

several defenses had previously been filed to the original complaint, and it had been necessary for the attorneys for the defendant to study the question of the power of the district court to dismiss the bankruptcy proceeding; the laws in force at that remote time; the repeal thereof; whether or not there was sufficient title to support an action of revendication owing to the fact that the "Rufina" property had belonged to a commercial partnership, the liquidation of which had not been alleged; whether the receiver had power to lawfully represent the bankrupt in the foreclosure proceeding; and many other questions which we shall not mention here, because it can be easily understood that said attorneys must have made a careful and painstaking study of the matters involved in this suit and that, although the action was decided on the demurrer to the amended complaint, the defendant had to be ready to deal with every question involved in the litigation.

Therefore, we agree that it would not be proper to assess counsel fees in the instant case at $500, as urged by the appellants, but at a much larger sum, although not quite as large as $35,000.

Under the circumstances of the present case, we consider $10,000 to be a reasonable amount as attorney's fees; and the order appealed from must be modified accordingly and, as modified, affirmed.

Mr. Justice Wolf dissented in respect of the amount allowed, which, in his opinion, should be at least $15,000.